DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

ALONZO WICKERS IV (State Bar No. 169454)
alonzowickers@dwt.com
KAREN A. HENRY (State Bar No. 229707)
karenhenry@dwt.com

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANE and REBECCA GAYHEART,<br><br>Plaintiffs,<br><br>vs.<br><br>GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER,<br><br>Defendants. | Case No. **CV09-06912 GW (SHx)**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(f)]**<br><br>Date:   December 14, 2009<br>Time:   8:30 a.m.<br>Courtroom: 10<br><br>[Request for Judicial Notice with Exhibit A; Declaration of Karen A. Henry with Exhibit B; Certification and Notice of Interested Parties; Defendants Gawker Media, LLC's, Gawker News, LLC's, and Gawker Sales, LLC's Corporate Disclosure Statements Filed Concurrently]<br><br>[[Proposed] Order Granting Motion to Strike Lodged Concurrently] |

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 14, 2009 at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu of the United States District Court for the Central District of California, in Courtroom 10 of the Spring Street Courthouse, located at 312 N. Spring Street, Los Angeles, California 90012, defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC, and Mark Ebner (collectively "Gawker"), will and hereby do move this Court, pursuant to Federal Rule of Civil Procedure 12(f), for an order striking Plaintiffs' demands for statutory damages and attorneys' fees from their complaint.

Specifically, Gawker asks the Court to strike the following portions of the complaint:

1. **Claim (p. 4) – paragraph 21, lines 13-14**: "Alternatively, Plaintiffs are entitled to recover an award of statutory damages for Defendants' willful acts of copyright infringement."

2. **Claim (p. 5) – paragraph 23, lines 20-21**: "Plaintiffs are further entitled to recover from Defendants an award of their attorneys' fees and costs."

3. **Prayer (p. 5) – paragraph 2, line 28**: "For statutory damages in an amount at the discretion of the Court[.]"

4. **Prayer (p. 6) – paragraph 4, line 5**: "For attorneys' fees and costs of suit herein incurred[.]"

5. **Claim (p. 4) – paragraph 16, lines 19-22**: "As alleged hereinabove, in or around August 2009 Defendants began *willfully* reproducing, adapting, distributing and performing the Video in the United States and around the world despite Plaintiffs' unequivocal demands that they refrain from doing so." (Emphasis added.) Gawker requests that this Court strike the word "willfully" from this sentence.

Gawker moves to strike these portions of the complaint because a plaintiff who alleges infringement of an unpublished work, like the videotape at issue here,

1

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

may recover statutory damages and attorneys' fees *only* if the work was registered with the Copyright Office at the time that the alleged infringement commenced. *See* 17 U.S.C. § 412(1). Because Plaintiffs' own allegations and information from the face of their Copyright Registration Certificate establishes that Gawker's alleged infringement of the tape commenced *before* they registered the tape with the Copyright Office, Plaintiffs are not entitled to recover either statutory damages or attorneys' fees in this action. Consequently, all references to statutory damages and attorneys' fees are immaterial and impertinent under Rule 12(f), and should be stricken from the complaint.

This Motion is based on this Notice; on the attached Memorandum of Points and Authorities; on the concurrently-filed Request for Judicial Notice with Exhibit A and any matters of which this Court may take judicial notice; on the concurrently-filed Declaration of Karen A. Henry with Exhibit B; on all pleadings, files and records in this action; and on such argument as may be received by this Court at the hearing on this Motion.

This Motion is made following the conference of counsel that occurred on October 16, 2009, pursuant to Local Rule 7-3. *See* Henry Decl. ¶¶ 2-4.

DATED: October 30, 2009

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
KAREN A. HENRY

By: ___/ s /___
Karen A. Henry

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

2
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

1. SUMMARY OF ARGUMENT ................................................................. 1
2. A COURT MAY STRIKE A PRAYER FOR RELIEF AND RELATED ALLEGATIONS WHERE, AS HERE, A PLAINTIFF SEEKS DAMAGES THAT ARE NOT RECOVERABLE AS A MATTER OF LAW. .................................................................................. 2
3. SECTION 412(1) FORECLOSES AN AWARD OF STATUTORY DAMAGES OR ATTORNEYS' FEES TO PLAINTIFFS. .................... 3
   A. The Complaint Shows That The Tape Was Unpublished At The Time Of The Alleged Infringement. ............................................. 5
   B. The Tape Was Unregistered When Gawker Posted Portions Online. ........................................................................................... 6
4. BECAUSE PLAINTIFFS CANNOT RECOVER STATUTORY DAMAGES OR ATTORNEYS' FEES, THE LANGUAGE IN THEIR COMPLAINT RELATING TO THOSE REMEDIES SHOULD BE STRICKEN. ............................................................................................... 6
5. CONCLUSION ........................................................................................... 8

i
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*BJC Health Sys. v. Columbia Casualty Co.*,
  478 F. 3d 908 (8th Cir. 2007) ............................................................................ 2, 3

*California ex rel. State Lands Comm'n v. U.S.*,
  512 F. Supp. 36 (N.D. Cal. 1981) ........................................................................ 3

*Cognotec Servs. Ltd. v. Morgan Guaranty Trust*,
  862 F. Supp. 45 (S.D.N.Y. 1994) ..................................................................... 3, 7

*Curtis v. Benson*,
  1997 WL 189135 (E.D. La. 1997) ....................................................................... 3

*Derek Andrew, Inc. v. Poof Apparel*,
  528 F.3d 696 (9th Cir. 2008) ................................................................................ 4

*Duke University v. Elan Corp.*,
  2006 WL 267185 (M.D.N.C. 2006) ..................................................................... 3

*Equine Legal Solutions v. Buntrock*,
  2008 WL 111237 (N.D. Cal. 2008) ...................................................................... 3

*Fantasy, Inc. v. Fogerty*,
  984 F.2d 1524 (9th Cir. 1993)
  rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455
  (1994) ............................................................................................................ passim

*Gerig v. Krause Publications*,
  58 F. Supp. 2d 1261 (D. Kan. 1999) ........................................................ 3, 4, 6, 7

*Holabird and Root Architects Engineers Interiors v. Physicians Management
  of Indiana*,
  1994 WL 395126 (N.D. Ill. 1994) ........................................................................ 3

*Johnson v. Metropolitan Sewer Dist.*,
  926 F. Supp. 874 (E.D. Mo. 1996) ....................................................................... 3

*Los Angeles News Service v. Conus Comm'ns Co. Ltd. Partnership*,
  969 F. Supp. 579 (C.D. Cal. 1997) ...................................................................... 7

*McNabb Bennett & Associates v. Terp Meyers Architects*,
  1987 WL 7817 (N.D. Ill. 1987) ............................................................................ 3

*Michaels v. Internet Entertainment Group*,
  1998 WL 882848 (C.D. Cal. 1998) ...................................................................... 4

*Parrino v. FHP*,
  146 F. 3d 699 (9th Cir. 1998),
  superseded by statute on other grounds, Abrego v. Dow Chem. Co., 443 F.
  3d 676, 681 (9th Cir. 2006) .................................................................................. 5

*Singh v. Famous Overseas, Inc.*,
  680 F. Supp. 533 (E.D.N.Y. 1988) ................................................................... 4, 6

*Tegg Corp. v. Beckstrom Elec. Co.*,
  2008 WL 2682602 (W.D. Pa. 2008) ..................................................................... 5

*Tokidoki v. Fortune Dynamic*,
  2009 WL 2366439 (C.D. Cal. 2009) .................................................................... 5

ii

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  *Warren v. Fox Family Worldwide*,
      171 F. Supp. 2d 1057 (C.D. Cal. 2001) .............................................................. 5
2  *Wilkerson v. Butler*,
      229 F.R.D. 166 (E.D. Cal. 2005) ................................................................... 2, 3
3  *Zito v. Steeplechase Films, Inc.*,
      267 F. Supp. 2d 1022 (N.D. Cal. 2003) ................................................... 1, 4, 5, 6

**Statutes**
17 U.S.C. § 412 .............................................................................................. 3, 4, 5
17 U.S.C. § 412(1) ......................................................................................... 1, 3, 4, 6
17 U.S.C. § 412(2) ................................................................................................. 4
17 U.S.C. § 504 ...................................................................................................... 7
17 U.S.C. § 504(c)(2) ............................................................................................. 7

**Other Authorities**
4 *Nimmer on Copyright*, § 13.08 at p. 13-285 (2007 ed. & 2008 Supp.) .................. 7
Hawes and Dietz, *Copyright Registration Practice* (2d ed.), §§ 23:9.1-23:9.2 ......... 5

**Rules**
Federal Rule of Civil Procedure 12 ......................................................................... 5
Federal Rule of Civil Procedure 12(f) ............................................................. passim

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.

## SUMMARY OF ARGUMENT

This motion presents a straightforward legal issue: can Plaintiffs recover statutory damages and attorneys' fees based on their claim that Gawker infringed the copyright in a videotape that – according to the complaint and Plaintiffs' Copyright Registration Certificate – was unpublished and unregistered when the alleged infringement commenced? The answer plainly is "no." Section 412(1) of the Copyright Act makes clear that "no award of statutory damages or of attorney's fees ... shall be made for ... any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412(1) Put simply, *"if a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available*[.]" *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003) (emphasis added).

This rule bars Plaintiffs from recovering statutory damages or attorneys' fees in this action. Plaintiffs contend that Gawker's alleged infringement commenced on August 17, 2009, when Gawker posted online a purportedly "highly personal and private" videotape showing Plaintiffs in "intimate moments and conversations." Compl. ¶ 13. The tape was unregistered when the alleged infringement commenced; indeed, Plaintiffs' Copyright Registration Certificate establishes that they did not register the work until August 19, 2009. *See* Henry Decl., Ex. A; *see also* Compl. ¶ 12. And the complaint shows that the tape was unpublished when Gawker posted a portion on its website. *Id.* ¶¶ 10, 12. Because the tape was unregistered and unpublished at the time of the alleged infringement, Plaintiffs cannot recover statutory damages or attorneys' fees. 17 U.S.C. § 412(1); *Zito*, 267 F. Supp. 2d at 1026. Accordingly, Plaintiffs' prayers for statutory damages and

1
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attorneys' fees and their allegations relating to these remedies should be stricken. See Fed. R. Civ. P. 12(f).[1]

## 2.

### A COURT MAY STRIKE A PRAYER FOR RELIEF AND RELATED ALLEGATIONS WHERE, AS HERE, A PLAINTIFF SEEKS DAMAGES THAT ARE NOT RECOVERABLE AS A MATTER OF LAW.

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Of particular importance here, courts have defined "immaterial" matter to include allegations that "ha[ve] no essential or important relationship to the claim for relief or defenses pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 535, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994); *see also Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (same). Similarly, courts have defined "impertinent" matter to include allegations "that do not pertain, and are not necessary, to the issues in question." *Fantasy*, 984 F.2d at 1527; *Wilkerson*, 229 F.R.D. at 170. Courts enjoy "liberal discretion" to strike "immaterial" and "impertinent" matters from pleadings. *BJC Health Sys. v. Columbia Casualty Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

The Ninth Circuit has emphasized that motions to strike under Rule 12(f) serve an important purpose – specifically, "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy*, 984 F.2d at 1527; *see also Wilkerson*, 229 F.R.D. at 170. A district court may "properly grant [a] motion to strike for the purpose of streamlining the ultimate resolution of the action and focusing the jury's attention

---

[1] Gawker vigorously disputes the merits of Plaintiffs' claim as well, and reserves its defenses to infringement.

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

on the real issues in the case." *Fantasy*, 984 F.2d at 1528, citing *California ex rel. State Lands Comm'n v. U.S.*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

Under Rule 12(f), "[a] prayer for relief not available under the applicable law ... is properly the subject of a motion to strike." *Johnson v. Metropolitan Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996). Such prayers are both "immaterial" and "impertinent" within the meaning of Rule 12(f). In *BJC Health*, for example, the court struck a prayer for punitive damages because the plaintiff had failed to allege fraud with the requisite particularity. 478 F.3d at 916-917. Without proper allegations of fraud, the court held that the plaintiff could not possibly recover punitive damages, and thus granted the defendant's motion to strike. *Id.* See also *Wilkerson*, 229 F.R.D. at 172 (striking claim for punitive damages that "add[ed] nothing to further [the plaintiff's] ... cause of action").

Applying these principles, courts regularly have granted Rule 12(f) motions to strike prayers for statutory damages and attorneys' fees in copyright-infringement action where, as here, those remedies were barred by Section 412. *See, e.g., Equine Legal Solutions v. Buntrock*, 2008 WL 111237, *1 n.1 (N.D. Cal. 2008); *Duke University v. Elan Corp.*, 2006 WL 267185, *4 n.4 (M.D.N.C. 2006); *Gerig v. Krause Publications*, 58 F. Supp. 2d 1261, 1268-1269 (D. Kan. 1999); *Curtis v. Benson*, 1997 WL 189135, *2 (E.D. La. 1997); *Cognotec Servs. Ltd. v. Morgan Guaranty Trust*, 862 F. Supp. 45, 52 (S.D.N.Y. 1994); *Holabird and Root Architects Engineers Interiors v. Physicians Management of Indiana*, 1994 WL 395126, *2 (N.D. Ill. 1994); *McNabb Bennett & Associates v. Terp Meyers Architects*, 1987 WL 7817, *3 (N.D. Ill. 1987). The Court should do the same here.

### 3.
### SECTION 412(1) FORECLOSES AN AWARD OF STATUTORY DAMAGES OR ATTORNEYS' FEES TO PLAINTIFFS.

Plaintiffs demand remedies – statutory damages and attorneys' fees – that are not recoverable in this action as a matter of law. Section 412 of the Copyright Act

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requires that a plaintiff who seeks to recover statutory damages or attorneys' fees for copyright infringement must meet certain prerequisites. Subject to narrow exceptions that are not relevant here, Section 412(1) provides that "no award of statutory damages or of attorney's fees ... shall be made for ... any infringement of copyright in an *unpublished work commenced before the effective date of its registration.*" 17 U.S.C. § 412(1) (emphasis added).[2] The Ninth Circuit has observed that Section 412 promotes an important policy; "by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly." *Derek Andrew, Inc. v. Poof Apparel*, 528 F.3d 696, 700 (9th Cir. 2008).

Courts interpreting Section 412(1) consistently have recognized that "*if a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available*[.]" *Zito*, 267 F. Supp. 2d at 1026 (emphasis added). As another court declared, "statutory damages and attorney's fees are not recoverable for infringement of unpublished, unregistered works." *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988). *See also Gerig*, 58 F. Supp. 2d at 1269 (recognizing that Section 412(1) barred recovery of statutory damages and attorneys' fees with respect to three photographs that were unpublished and unregistered at time of alleged infringement); *Michaels v. Internet Entertainment Group*, 1998 WL 882848, *1 n.2 (C.D. Cal. 1998) (holding that plaintiff "cannot seek statutory damages or attorney's fees for infringement which occurred when the work was unpublished and unregistered").

---

[2] Section 412(2) provides a different standard for an award of statutory damages or attorneys' fees for infringement of a *published* work. *See* 17 U.S.C. § 412(2). Because Plaintiffs allege that they had not published the tape at the time of the purported infringement, however, Section 412(2) is irrelevant.

4
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

These cases confirm that "[t]o recover statutory damages or attorney's fees for the infringement of an unpublished work, the effective date of registration must be prior to the commencement of the infringement." Hawes and Dietz, *Copyright Registration Practice* (2d ed.), §§ 23:9.1-23:9.2. This rule defeats Plaintiffs' prayers for statutory damages and attorneys' fees, because the allegations in the complaint and the information on the face of the Copyright Registration Certificate demonstrate that the videotape was both unpublished and unregistered on August 17, 2009, when the alleged infringement purportedly commenced.[3]

### A. The Complaint Shows That The Tape Was Unpublished At The Time Of The Alleged Infringement.

For purposes of Section 412, a work is "published" *only* when it is distributed or publicly displayed *with* the copyright owner's permission. *Zito*, 267 F. Supp. 2d at 1026. In other words, the act that constitutes the alleged infringement cannot be deemed to "publish" an otherwise unpublished work. *Id.*

Here, Plaintiffs do not allege that they ever published the work. To the contrary, they emphasize their efforts to "maintain the confidentiality of the

---

[3] When ruling on a motion to strike under Rule 12(f), a court may consider not only the plaintiff's allegations, but also material that properly is the subject of judicial notice. *See Fantasy*, 984 F.2d at 1528 (granting motion to strike and explaining that "requests for judicial notice ... could properly be considered by the court in ruling on the motion to strike"). This Court may take judicial notice of Plaintiffs' Certificate of Registration from the Copyright Office. *See, e.g., Warren v. Fox Family Worldwide*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (taking judicial notice of copyright registration certificates); *Tokidoki v. Fortune Dynamic*, 2009 WL 2366439, *6 (C.D. Cal. 2009) (taking judicial notice of certificate of registration from U.S. Patent & Trademark Office). The Ninth Circuit also has recognized that a court hearing a Rule 12 motion may consider "document[s] the authenticity of which [are] not contested, and upon which plaintiff's complaint necessarily relies[,]" even if those materials are not attached to the complaint. *Parrino v. FHP*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds*, *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). *See also Tegg Corp. v. Beckstrom Elec. Co.*, 2008 WL 2682602, *6 (W.D. Pa. 2008) (considering certificate of registration from Copyright Office in connection with Rule 12 motion, even though documents were not attached to complaint). This doctrine provides an independent basis for the Court to consider the Certificate of Registration, even though it is not attached to the complaint. *See* Compl. ¶ 11.

5
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Video[,]" which allegedly "depicts intimate moments" of a "highly personal and private nature." Compl. ¶¶ 10, 12.

Moreover, under *Zito*, Plaintiffs cannot argue that any alleged acts by Mr. Ebner or by Gawker constituted publication of the tape. Plaintiffs expressly allege that Mr. Ebner acted "without Plaintiffs' permission" when he supposedly "delivered [the tape] to Gawker," and that Gawker posted portions of the tape "without authorization from Plaintiffs[.]" *Id.* ¶¶ 12, 13. Thus, neither Ebner nor Gawker could have published the tape within the meaning of the Copyright Act. *Zito*, 267 F. Supp. 2d at 1026.

Under these circumstances, the tape plainly was unpublished at the time that the alleged infringement commenced on August 17, 2009.

**B.  The Tape Was Unregistered When Gawker Posted Portions Online.**

There is no doubt that the tape also was unregistered on August 17. While Plaintiffs allege that they "timely" registered the tape with the Copyright Office, their Certificate of Registration establishes that the effective date of registration was August 19, 2009 (Ex. A) – *two days after the alleged infringement supposedly commenced.*

Because the alleged infringement commenced before the unpublished tape was registered, Plaintiffs are prohibited – *as a matter of law* – from recovering statutory damages or attorneys' fees. *See* 17 U.S.C. § 412(1); *Zito*, 267 F. Supp. 2d at 1026; *Singh*, 680 F. Supp. at 535; *Gerig,* 58 F. Supp. 2d at 1269.

### 4.
### BECAUSE PLAINTIFFS CANNOT RECOVER STATUTORY DAMAGES OR ATTORNEYS' FEES, THE LANGUAGE IN THEIR COMPLAINT RELATING TO THOSE REMEDIES SHOULD BE STRICKEN.

As explained above, Rule 12(f) authorizes a court to strike "immaterial" and "impertinent" matter from a complaint. Because Plaintiffs cannot recover statutory damages or attorneys' fees, the language in their complaint relating to these items of

6
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

damages is "immaterial" – it simply has "no essential or important relationship" to their copyright-infringement claim. *See Fantasy*, 984 F.2d at 1527; *Gerig*, 58 F. Supp. 2d at 1268-1269; *Cognotec* 862 F. Supp. at 52. The Court, therefore, should strike the following passages from the complaint in their entirety:

- **Claim (p. 4) – paragraph 21, lines 13-14**: "Alternatively, Plaintiffs are entitled to recover an award of statutory damages for Defendants' willful acts of copyright infringement."
- **Claim (p. 5) – paragraph 23, lines 20-21**: "Plaintiffs are further entitled to recover from Defendants an award of their attorneys' fees and costs."
- **Prayer (p. 5) – paragraph 2, line 28**: "For statutory damages in an amount at the discretion of the Court[.]"
- **Prayer (p. 6) – paragraph 4, line 5**: "For attorneys' fees and costs of suit herein incurred[.]"

The Court also should strike the word "willfully" from paragraph 16 of the complaint. The legal import of this word is apparent: "willful" infringement is a prerequisite for enhanced statutory damages under the Copyright Act. *See* 17 U.S.C. § 504(c)(2) ("[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000"). No other purpose is served by the inclusion of this allegation in the complaint.[4] But since Plaintiffs are not entitled to recover statutory damages, language in their complaint characterizing Gawker's alleged conduct as "willful" is immaterial and impertinent.

---

[4] *See Los Angeles News Service v. Conus Comm'ns Co.*, 969 F. Supp. 579, 584 (C.D. Cal. 1997) (while "[d]irect infringement does not require intent or any particular state of mind, … [p]ursuant to Section 504 of the Copyright Act, the Court may increase the award of statutory damages where the Court finds that the infringement was willful").

7

MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Striking these portions of the complaint will fulfill Rule 12(f)'s policy of "avoid[ing] the expenditure of time and money that must arise from litigating spurious issues[.]" *Fantasy*, 984 F. 2d at 1527. Unless stricken, Plaintiffs' improper prayers for relief may lead to irrelevant discovery and unnecessary discovery disputes, may produce costly and time-consuming motion practice regarding matters that should not be a part of the lawsuit in the first place, and may impede any attempt to resolve the dispute informally.

## 5.
## CONCLUSION

During the meet-and-confer process, Gawker asked Plaintiffs to stipulate that they cannot seek statutory damages or attorneys' fees for the alleged infringement of the unpublished, unregistered tape. Henry Decl. ¶¶ 2-4. Because Plaintiff declined to do so, court intervention is required. Given the allegations in the complaint, and the information on the face of Plaintiffs' Copyright Registration Certificate, it is clear that Plaintiffs are not entitled to these remedies. Thus, under Rule 12(f), Gawker respectfully asks the Court to strike those portions of the complaint relating to statutory damages and attorneys' fees.

DATED: October 30, 2009

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
KAREN A. HENRY

By: ____/ s /____
Karen A. Henry

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

8
MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT
DWT 13508967v2 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899