```
DAVIS WRIGHT TREMAINE LLP
     865 S. FIGUEROA ST.
        SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
   TELEPHONE (213) 633-6800
      FAX (213) 633-6899
```

ALONZO WICKERS IV (State Bar No. 169454)
alonzowickers@dwt.com
KAREN A. HENRY (State Bar No. 229707)
karenhenry@dwt.com

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANE and REBECCA GAYHEART,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER,<br><br>　　　　　Defendants. | Case No. **CV09-06912 GW (SHx)**<br><br>**DECLARATION OF KAREN A. HENRY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE; EXHIBIT B**<br><br>Date:　December 14, 2009<br>Time:　8:30 a.m.<br>Dept.:　10<br><br>[Motion to Strike Portions of Complaint; Request for Judicial Notice with Exhibit A; Certification and Notice of Interested Parties; Defendant Gawker Media, LLC's Corporate Disclosure Statement; Defendant Gawker News, LLC's Corporate Disclosure Statement; and Defendant Gawker Sales, LLC's Corporate Disclosure Statement Filed Concurrently]<br><br>[[Proposed] Order Granting Motion to Strike Lodged Concurrently] |

# DECLARATION OF KAREN A. HENRY

I, Karen A. Henry, declare:

1. I am an attorney admitted to practice before all of the courts of the State of California and before this Court. I am an associate in the law firm of Davis Wright Tremaine LLP, and am one of the attorneys representing defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC, and Mark Ebner (collectively "Gawker") in this matter. The facts stated below are true of my own personal knowledge, and, if called to testify, I could and would competently testify thereto.

2. On October 16, 2009, I telephoned plaintiffs Eric Dane's and Rebecca Gayheart's counsel, Henry Self, to discuss Gawker's anticipated motion to strike. During that conversation, I explained to Mr. Self that Gawker planned to file a motion to strike all references in Plaintiffs' complaint to attorneys' fees and statutory damages, including Plaintiffs' prayers for these remedies, because the complaint alleges that the videotape was both unregistered and unpublished at the time that the alleged infringement commenced. Based on 17 U.S.C. § 412(1), I informed Mr. Self that attorneys' fees and statutory damages thus are not available to Plaintiffs on their sole claim for copyright infringement.

3. I further explained to Mr. Self that Gawker would forego its motion if Plaintiffs would stipulate that they are not entitled to and are not seeking to recover statutory damages or attorneys' fees in connection with their copyright infringement claim. Mr. Self indicated that he would review the case law on this subject, confer with his colleagues, and let me know whether his clients were amenable to Gawker's proposed stipulation.

4. By October 26, 2009, I still had not heard from Mr. Self. Therefore, on that date, I sent Mr. Self an email message asking whether he had discussed Gawker's anticipated motion and proposed stipulation with his colleagues and/or with Plaintiffs. On October 28, 2009, Mr. Self responded that he had not done so and

HENRY DECLARATION
DWT 13521092v1 0080721-000007

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"[h]ope[d] to be in touch shortly." A true and correct copy of my October 26 email message to Mr. Self and his reply are attached to this Declaration as **Exhibit B**.

5. Attached to the concurrently-filed Request for Judicial Notice as **Exhibit A** is a true and correct copy of a Certificate of Registration issued by the United States Copyright Office for Plaintiffs' videotape, which was assigned registration number Pau3-404-881.

This Declaration was executed on this 30th day of October, 2009, in Los Angeles, California. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

                                                / s /
                                      Karen A. Henry

HENRY DECLARATION
DWT 13521092v1 0080721-000007

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## Henry, Karen

**From:** Henry L. Self [hself@lavelysinger.com]
**Sent:** Wednesday, October 28, 2009 5:47 PM
**To:** Henry, Karen
**Cc:** Yael Holtkamp
**Subject:** RE: Dane v. Gawker Media (Anticipated Motion to Strike)

Still trying to follow up with Mr. Singer about this; he's been in a deposition all day. Hope to be in touch shortly.

---

**From:** Henry, Karen [mailto:karenhenry@dwt.com]
**Sent:** Monday, October 26, 2009 6:08 PM
**To:** Henry L. Self
**Cc:** Henry, Karen
**Subject:** Dane v. Gawker Media (Anticipated Motion to Strike)

Hello Henry,

This email follows my voicemail of today and our Rule 7-3 conference of October 16, 2009. As you may recall, on October 16, I informed you that the Gawker Defendants planned to file a motion to strike the references to statutory damages and attorneys' fees in your clients' Complaint. Under Section 412 of the Copyright Act, to recover these items of damages for the alleged infringement of an unpublished work, the work must have been registered with the Copyright Office at the time the alleged infringement commenced. As we understand the allegations in your clients' Complaint, at the time that the alleged infringement commenced (on August 17), the video tape at issue was both unregistered and unpublished. We believe that this precludes your clients from recovering statutory damages and/or attorneys' fees.

When we last spoke, I informed you that the Gawker Defendants would forego the motion to strike if your clients would stipulate that they were not seeking to recover statutory damages or attorneys' fees on their copyright infringement claim. As I recall, you indicated that you would confer with your clients and let me know whether we could reach a resolution that would obviate the need for a motion to strike. Will you kindly inform me at your earliest convenience whether your clients are willing to enter into such a stipulation?

I look forward to speaking with you.

Best Regards,

**Karen Henry** | Davis Wright Tremaine LLP
865 S Figueroa Street, Suite 2400 | Los Angeles, CA 90017
Tel: (213) 633-6832 | Fax: (213) 633-6899
Email: karenhenry@dwt.com | Website: www.dwt.com
Bio: www.dwt.com/lawdir/attorneys/HenryKaren.cfm

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

EXHIBIT B

Circular 230 - To comply with IRS rules, we must inform you that this message (including any attachment) if it contains advice relating to federal taxes, was not intended or written to be used, and it cannot be used, for the purpose of avoiding penalties that may be imposed under federal tax law. Under these rules, a taxpayer may rely on professional advice to avoid federal tax penalties only if that advice is reflected in a comprehensive tax opinion that conforms to stringent requirements under federal law.