**MARTIN D. SINGER (BAR NO. 78166)**
**YAEL E. HOLTKAMP (BAR NO. 200399)**
**HENRY L. SELF III (BAR NO. 223153)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com

Attorneys for Plaintiffs
ERIC DANE and REBECCA GAYHEART

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANE, an individual; and REBECCA GAYHEART, an individual<br><br>Plaintiffs,<br><br>v.<br><br>GAWKER MEDIA, LLC, a Delaware corporation; GAWKER NEWS, LLC, a Delaware corporation; GAWKER SALES, LLC, a New York corporation; and MARK EBNER, an individual,<br><br>Defendants. | CASE NO. CV 09-06912 GW (SHx)<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF COMPLAINT**<br><br>Date:   December 14, 2009<br>Time:  8:30 a.m.<br>Ctrm:   10<br><br>[Hon. George H. Wu] |

## I. **INTRODUCTION**

The premature motion by defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC and Mark Ebner (collectively, "Defendants") to strike portions of plaintiffs Eric Dane and Rebecca Gayheart's (collectively, "Plaintiffs") Complaint serves little purpose but to waste the parties' time and money arguing over just a few innocuous words instead of proceeding with this case on its merits.

As do most litigants, Plaintiffs in their Complaint reserved their potential rights to all remedies provided for under applicable substantive (copyright) law, including injunctive relief, actual or statutory damages, attorneys' fees, costs and the like. But Defendants are already asking the Court to rush to judgment on Plaintiffs' legal entitlement to certain such remedies at the pleading stage without the aid of any factual proof whatsoever—let alone even commencing discovery.

As depositions and written discovery in this case progress, a great many facts may come to light which will most certainly bear on Plaintiffs' eligibility to pursue statutory damages and attorneys' fees under the Copyright Act. Such things could conceivably include the addition of other defendants and/or the discovery of further acts of copyright infringement that commenced after the effective date of Plaintiffs' registration, or interruptions in Defendants' infringing conduct. It is far too early to know or even speculate about such matters with any certainty, however. Indeed, that is the entire purpose of discovery to begin with: to establish the facts *before* awarding or denying remedies.

It is therefore inappropriate for Defendants to invoke Rule 12(f) of the Federal Rules of Civil Procedure, which only affords a district court discretion to strike "redundant, immaterial, impertinent, or scandalous matter," to attack Plaintiffs' substantive entitlement to any remedies. Further, Plaintiffs' factual allegations regarding the Defendants' intent should not be stricken because they may prove to be relevant to issues beyond remedies. Finally, Defendants will suffer no prejudice simply because some words reside on a page in Plaintiffs' pleadings.

## II. ARGUMENT

Because striking a party's pleadings is such an extreme measure, motions to strike are viewed with strong disfavor. *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) (citation and quotations omitted).

Accordingly, a motion to strike matter from a pleading "will be granted only if it is clear that the matter will have no bearing on the controversy before the Court." *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556, 566 (C.D. Cal. 2005). Furthermore, nothing should be stricken "unless its presence in the complaint is actually prejudicial to the defense." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001); *see also* 5C Wright & Miller, *Fed. Prac. & Proc. Civ.* § 1380 (3d ed.) (presence of allegations in pleading throughout proceeding must be prejudicial to moving party).

### A. Plaintiffs' Prayers for Relief Should Not Be Stricken

Rule 12(f) only empowers a district court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It does not authorize the court to also strike particular prayers for relief, even where certain remedies are unavailable as a matter of law, because a request for relief "does not fall within any of the categories referred to in the rule." *Com. of Mass. ex rel. Bellotti v. Russell Stover Candies, Inc.*, 541 F.Supp. 143, 145 (D.C. Mass. 1982) (motion to strike request for award of expenses and costs denied even though statute relied upon did not authorize court to make such award).

"The relief provided for the various claims will be determined if any entitlement to remedies is proved." *Delano Farms Co. v. California Table Grape Comn'n*, 623 F.Supp.2d 1144, 1183 (E.D. Cal. 2009). Because "the prayer for

relief section is not a substantive part of the pleading," striking prayers for certain types of relief is therefore not the proper subject of a motion to strike. *Id.* Rather, the appropriate time for the Court to evaluate available remedies is *after* discovery, usually in connection with summary judgment/adjudication motions or prior to trial, in the context of jury instructions and motions in limine.

The Court should therefore deny Defendants' motion to strike Plaintiffs' prayers for costs, attorneys' fees and statutory damages as procedurally improper.

### B.   Plaintiffs' Allegations of Willfulness Should Not Be Stricken

In addition to their request that the Court strike Plaintiffs' demands for costs, attorneys' fees and statutory damages, Defendants also attempt to attack the allegations that they infringed Plaintiffs' copyright wilfully.

A defendant's state of mind in a copyright infringement action is pertinent to issues other than just remedies, however. For instance, one's innocent intent can bear on that party's substantive liability for infringement under certain circumstances. 17 U.S.C. §§ 405(b), 406(a). Conversely, for example, the willfulness of a defendant's actions can play a role in determining personal jurisdiction. *See*, *e.g.*, *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 787 (D. Md. 2000) ("the distinction between negligent and intentional infringement . . . is dispositive in the *Calder* 'effects' analysis").

Thus, in *RDF Media Ltd. v. Fox Broadcasting Co.*, 372 F.Supp.2d 556 (C.D. Cal. 2005), Judge Otero declined to strike allegations that the defendants' representative admitted that the were aware of the plaintiff's work and that they intended to create a television show similar to it—even though, as of the date of the filing of the complaint, only the first episode of the plaintiff's program had an effective registration date prior to the commencement of the action. "These portions of the Complaint may be relevant to show access to Plaintiff's show, the intent of Defendants, and willful infringement. Therefore, the Motion to Strike these portions of the Complaint is DENIED . . . ." *Id.* at 567.

Here, Plaintiffs' well-supported factual allegations of Defendants' brazen willfulness, including the fact that they not only refused to comply with Plaintiffs' takedown request but thereafter went on to maliciously distribute Plaintiffs' work in brazen disregard for Plaintiffs' legal rights and personal privacy, should likewise stand.  Complaint ¶¶ 14, 16.

### C.    Defendants Will Suffer No Prejudice By Denial of Their Motion

As noted above, a defendant moving to strike allegations from a complaint must establish that the continued presence of such allegations in the complaint will in fact cause actual prejudice to the defendant. *Toucheque v. Price Bros. Co.*, 5 F.Supp.2d 341, 350 (D. Md. 1998) ("the movant must demonstrate prejudice"); *Lirtzman v. Spiegel, Inc.*, 493 F.Supp. 1029, 1031 (D.C. Ill. 1980) (motions to strike "are not ordinarily granted unless the language in the pleading at issue both has no possible relation to the controversy and is clearly prejudicial").

"Even motions that are technically correct (e.g., challenging an 'insufficient' defense or 'redundant' allegations) may be denied unless you can show the pleadings under attack are somehow *prejudicial*."  Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 9:376 (emphasis in original). "Moreover, a motion to strike has limited *strategic* value because, in most cases, the pleadings are inadmissible at trial. (Pleadings cannot be read to the jury except in unusual cases; e.g., where they contain admissions by the pleader.)" *Id.* (emphasis in original).

Without any elaboration, Defendants offer nothing more regarding prejudice than vague conjectures and unsubstantiated suppositions that Plaintiffs' allegedly improper prayers for relief *may* lead to irrelevant discovery and *might* produce unnecessary motion practice.  "Defendants' conclusory and speculative arguments that prejudice could result and that the . . . allegations are prejudicial do not demonstrate any palpable prejudice."  *Toucheque*, 5 F.Supp.2d at 350. "Accordingly, the Court [should] deny the motion." *Id.*

## III. CONCLUSION

For the foregoing reasons, plaintiffs Eric Dane and Rebecca Gayheart respectfully request that Defendants' Motion to Strike Portions of Plaintiffs' Complaint be denied in its entirety.

DATE: November 30, 2009

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
YAEL E. HOLTKAMP
HENRY L. SELF III

By: s/Henry L. Self III
_____
HENRY L. SELF III
Attorneys for Plaintiffs
ERIC DANE and
REBECCA GAYHEART