DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

ALONZO WICKERS IV (State Bar No. 169454)
alonzowickers@dwt.com
KAREN A. HENRY (State Bar No. 229707)
karenhenry@dwt.com

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANE and REBECCA GAYHEART,<br><br>Plaintiffs,<br><br>vs.<br><br>GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER,<br><br>Defendants. | Case No. **CV09-06912 GW (SHx)**<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT**<br><br>Date: December 14, 2009<br>Time: 8:30 a.m.<br>Courtroom: 10 |

Defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC, and Mark Ebner (collectively "Gawker") respectfully submit the following Reply in Support of their Motion to Strike Portions of Plaintiffs' Complaint.

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| 1. | INTRODUCTION | 1 |
| 2. | COURTS ROUTINELY GRANT MOTIONS TO STRIKE DEFECTIVE PRAYERS FOR RELIEF | 2 |
| 3. | PLAINTIFFS' ALLEGATION THAT GAWKER ACTED "WILLFULLY" IS IRRELEVANT | 4 |
| 4. | PLAINTIFFS' LACK-OF-PREJUDICE ARGUMENT IS UNAVAILING | 5 |
| 5. | CONCLUSION | 7 |

i

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**Cases**

*Arcilla v. Adidas Promotional Retail Operations,*
  488 F. Supp. 2d 965 (C.D. Cal. 2007) .......................................................... 3

*Batey v. Stone,*
  24 F.3d 1330 (11th Cir. 1994) ...................................................................... 2

*BJC Health System v. Columbia Cas. Co.,*
  478 F.3d 908 (8th Cir. 2007) ........................................................................ 2

*Bureerong v. Uvawas,*
  922 F. Supp. 1450 (C.D. Cal. 1996) ......................................................... 2, 6

*Cognotec Servs. Ltd. v. Morgan Guaranty Trust,*
  862 F. Supp. 45 (S.D.N.Y. 1994) ................................................................. 4

*Com. of Mass. ex rel. Bellotti v. Russell Stover Candies,*
  541 F. Supp. 143 (D. Mass. 1982) ............................................................... 2

*Curtis v. Benson,*
  1997 WL 189135 (E.D. La. 1997) ............................................................... 4

*Delano Farms Co. v. California Table Grape Comm'n,*
  623 F. Supp. 2d 1144 (E.D. Cal. 2009) ....................................................... 2

*Duke University v. Elan Corp.,*
  2006 WL 267185 (M.D.N.C. 2006) ............................................................. 4

*Equine Legal Solutions v. Buntrock,*
  2008 WL 111237 (N.D. Cal. 2008) .............................................................. 4

*Fantasy, Inc. v. Fogerty,*
  984 F.2d 1524 (9th Cir. 1993),
  rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455
  (1994) ........................................................................................................ 6, 7

*Gerig v. Krause Publications,*
  58 F. Supp. 2d 1261 (D. Kan. 1999) ............................................................ 4

*Grosz v. Lassen Community College Dist.,*
  572 F. Supp. 2d 1199 (E.D. Cal. 2008) ....................................................... 3

*Holabird and Root Architects Engineers Interiors v. Physicians Management
  of Indiana,*
  1994 WL 395126 (N.D. Ill. 1994) ................................................................ 4

*In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979,*
  644 F.2d 594 (7th Cir. 1981) ....................................................................... 3

*Lee Myles Associates v. Paul Rubke Enterprises,*
  557 F. Supp. 2d 1134 (S.D. Cal. 2008) ........................................................ 3

*Lirtzman v. Spiegel, Inc.,*
  493 F. Supp. 1029 (N.D. Ill. 1980) .............................................................. 5

*Lopez v. Dean Witter Reynolds,*
  591 F. Supp. 581 (C.D. Cal. 1984),
  aff'd 805 F.2d 880 (9th Cir. 1986) ............................................................... 3

ii

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*McNabb Bennett & Associates v. Terp Meyers Architects*,
   1987 WL 7817 (N.D. Ill. 1987) .................................................................. 4
*Michaels v. Internet Entertainment Group*,
   1998 WL 882848 (C.D. Cal. 1998) ............................................................ 4
*Murphy v. American Motors Sales Corp.*,
   570 F.2d 1226 (5th Cir. 1978) .................................................................. 3
*RDF Media Ltd. v. Fox Broadcasting*,
   372 F. Supp. 2d 556 (C.D. Cal. 2005) ...................................................... 5
*Shah v. Mt. Zion Hospital*,
   642 F.2d 268 (9th Cir. 1981) .................................................................... 2
*Singh v. Famous Overseas, Inc.*,
   680 F. Supp. 533 (E.D.N.Y. 1988) ........................................................... 7
*Toucheque v. Price Bros.*,
   5 F. Supp. 2d 341 (D. Md. 1998) .............................................................. 5
*Walker v. Pettit Construction*,
   605 F.2d 128 (4th Cir. 1979) .................................................................... 3
*Wilkerson v. Butler*,
   229 F.R.D. 166 (E.D. Cal. 2005) .......................................................... 4, 6
*Zito v. Steeplechase Films*,
   267 F. Supp. 2d 1022 (N.D. Cal. 2003) .................................................... 1

**Statutes**

15 U.S.C. § 12(2) ................................................................................................. 3
17 U.S.C. § 405(b) ............................................................................................... 5
17 U.S.C. § 406(a) ............................................................................................... 5
17 U.S.C. § 412 ............................................................................................ 1, 4, 7
17 U.S.C. § 504(c)(2) .......................................................................................... 6
29 U.S.C. § 626 .................................................................................................... 3
California Business and Professions Code § 17200 ........................................... 4

**Other Authorities**

Schwarzer, Tashima, and Wagstaffe, *Cal. Prac. Guide: Civ. Proc. Before
   Trial* § 9:389-390 ...................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 12(f) ....................................................... passim

iii

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# 1. INTRODUCTION

The omissions in Plaintiffs' Opposition are striking:

- They do not mention the controlling statute, 17 U.S.C. § 412, which provides that "no award of statutory damages or of attorney's fees … shall be made for … any infringement of copyright in an unpublished work commenced before the effective date of its registration";
- They do not dispute that the alleged infringement in this action commenced on August 17, 2009 (and, in fact, they specifically allege in their complaint that it commenced on that date);
- They do not dispute that the Court may take judicial notice of their Copyright Registration Certificate, which establishes that they registered their videotape on August 19, 2009;
- They do not dispute that the videotape was both *unpublished and unregistered when the alleged infringement commenced*;
- They do not dispute that if "a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available." *Zito v. Steeplechase Films*, 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003); and
- They do not distinguish any of the numerous cases granting motions to strike prayers for statutory damages and attorneys' fees in copyright-infringement actions where, as here, those remedies are barred as a matter of law.

Instead, Plaintiffs offer three, equally unpersuasive arguments in an attempt to salvage their defective prayers for relief. First, they insist that Federal Rule of Civil Procedure 12(f) does not authorize the Court to strike a prayer for relief. Opp. at 2-4. Second, they speculate that Plaintiffs' allegation that Gawker acted "willfully" might be relevant to some other issue in the case. *Id.* at 4. Third, they suggest that Gawker's motion, even if "technically correct," should be denied

REPLY BRIEF  
DWT 13635776v1 0080721-000007

1

DAVIS WRIGHT TREMAINE LLP  
865 S. FIGUEROA ST, SUITE 2400  
LOS ANGELES, CALIFORNIA 90017-2566  
(213) 633-6800  
Fax: (213) 633-6899

because the prayers for relief are "not prejudicial." *Id.* at 5. As set forth below, none of these arguments has any merit. Gawker, therefore, respectfully requests that the Court grant this motion and strike the prayers for statutory damages and attorneys' fees.

## 2. COURTS ROUTINELY GRANT MOTIONS TO STRIKE DEFECTIVE PRAYERS FOR RELIEF.

The gist of Plaintiffs' Opposition is that Rule 12(f) does not authorize the Court to strike their prayers for relief. Opp. at 2-4. Their argument is premised entirely on two cases, *Com. of Mass. ex rel. Bellotti v. Russell Stover Candies*, 541 F. Supp. 143 (D. Mass. 1982), and *Delano Farms Co. v. California Table Grape Comm'n*, 623 F. Supp. 2d 1144 (E.D. Cal. 2009). But those anomalous district-court decisions do not contain any analysis of Rule 12(f), do not involve requests for statutory damages or attorneys' fees under the Copyright Act, and, most importantly, are contradicted by the overwhelming weight of authority.

As one of Plaintiffs' own cases makes clear, "a motion to strike may be used to strike *any part of a prayer for relief* when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (emphasis added). Gawker is not aware of any appellate court that has endorsed the contrary theory advanced by Plaintiff; indeed, numerous circuits, including the Ninth Circuit, have struck prayers for relief that was not available as a matter of law. In *Shah v. Mt. Zion Hospital*, 642 F.2d 268, 270-272 (9th Cir. 1981), for example, the Ninth Circuit affirmed the district court's order granting the defendants' motion to strike prayers for punitive and emotional-distress damages because Title VII does not authorize the recovery of such damages. *See also BJC Health System v. Columbia Cas. Co.*, 478 F.3d 908, 916-918 (8th Cir. 2007) (affirming order striking request for punitive damages where not available as a matter of law); *Batey v. Stone*, 24 F.3d 1330, 1336 (11th Cir. 1994) (affirming order striking prayers for compensatory and punitive damages that were not recoverable

REPLY BRIEF
DWT 13635776v1 0080721-000007

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

under Civil Rights Act of 1991); *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 605, 616, 630 (7th Cir. 1981) (holding that district court should have granted motions to strike plaintiffs' prayers for punitive damages); *Walker v. Pettit Construction*, 605 F.2d 128, 130 (4th Cir. 1979) ("[b]ecause damages for pain and suffering and punitive damages are not recoverable under § 7 [of the Age Discrimination in Employment Act, 29 U.S.C. § 626], the district court erred in denying [defendant's] motion to strike those elements of recovery from [plaintiff's] prayer for relief"); *Murphy v. American Motors Sales Corp.*, 570 F.2d 1226, 1227 (5th Cir. 1978) (reversing district court's order denying motion to strike prayer for punitive damages that were not recoverable under Age Discrimination in Employment Act of 1967).

Not surprisingly, federal district courts in California repeatedly have recognized that Rule 12(f) grants courts the "authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law." *Arcilla v. Adidas Promotional Retail Operations*, 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007). Applying this rule, the court in *Lopez v. Dean Witter Reynolds*, 591 F. Supp. 581, 589, 590 (C.D. Cal. 1984), *aff'd* 805 F.2d 880 (9th Cir. 1986), granted the defendant's motion to strike a "prayer for relief ... [for] attorneys' fees and punitive damages" that were "not available under Section 12(2) of the Securities Act of 1933[.]" In *Grosz v. Lassen Community College Dist.*, 572 F. Supp. 2d 1199, 1208, 1217 (E.D. Cal. 2008), the court reiterated that a "motion to strike may be used to strike the prayer for relief where the damages sought are not recoverable as a matter of law," and held that prayers for punitive and liquidated damages "would be properly stricken under Rule 12(f)." And in *Lee Myles Associates v. Paul Rubke Enterprises*, 557 F. Supp. 2d 1134, 1143-1144 (S.D. Cal. 2008), the court observed that a "motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." (Citations and internal quotation marks omitted.) On that basis, the court granted the defendant's motion

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to strike prayers for liquidated damages under a contract and for restitutionary damages under California Business and Professions Code § 17200. *Id. See also Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal.2005) ("[a] motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law").

As these cases demonstrate, Plaintiffs are mistaken when they argue that this Court cannot use Rule 12(f) to strike their prayers for statutory damages and attorneys' fees under the Copyright Act. In fact, as detailed in Gawker's moving papers, courts regularly have granted motions to strike prayers for statutory damages and attorneys' fees in copyright-infringement action where, as here, those remedies were barred as a matter of law by Section 412. *See, e.g., Equine Legal Solutions v. Buntrock*, 2008 WL 111237, *1 n.1 (N.D. Cal. 2008); *Duke University v. Elan Corp.*, 2006 WL 267185, *4 n.4 (M.D.N.C. 2006); *Gerig v. Krause Publications*, 58 F. Supp. 2d 1261, 1268-1269 (D. Kan. 1999); *Michaels v. Internet Entertainment Group*, 1998 WL 882848, *1 n.2 (C.D. Cal. 1998); *Curtis v. Benson*, 1997 WL 189135, *2 (E.D. La. 1997); *Cognotec Servs. Ltd. v. Morgan Guaranty Trust*, 862 F. Supp. 45, 52 (S.D.N.Y. 1994); *Holabird and Root Architects Engineers Interiors v. Physicians Management of Indiana*, 1994 WL 395126, *2 (N.D. Ill. 1994); *McNabb Bennett & Associates v. Terp Meyers Architects*, 1987 WL 7817, *3 (N.D. Ill. 1987).

Plaintiffs do not mention – much less distinguish – any of these cases. The case law could not be more clear: Under Rule 12(f) and Section 412, the Court can and should strike Plaintiffs' defective prayers for relief.

### 3. PLAINTIFFS' ALLEGATION THAT GAWKER ACTED "WILLFULLY" IS IRRELEVANT.

Next, Plaintiffs suggest that even if their prayers for relief were barred, their allegation that Gawker acted "willfully" (Complaint ¶ 16) should survive this motion because it could "play a role in determining personal jurisdiction" or "bear

REPLY BRIEF
DWT 13635776v1 0080721-000007

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

on [Gawker's] substantive liability." Opp. at 4. But Plaintiffs have not identified any dispute related to personal jurisdiction, and Gawker is not aware of any. Moreover, the supposed "substantive" justifications that Plaintiffs offer for keeping this allegation in the complaint – Sections 405(b) and 406(a) of the Copyright Act (Opp. at 4) – are utterly irrelevant. Those sections extend certain protections for "copies and phonorecords publicly distributed by authority of the copyright owner before the effective date of the Berne Convention Implementation Act of 1988." 17 U.S.C. §§ 405(b), 406(a). Because Plaintiffs admit that their videotape was created in 2008 (Ex. A) – decades after the effective date of the Berne Convention – these two sections have no bearing whatsoever on this dispute. Consequently, they do not save Plaintiffs' immaterial allegation that Gawker acted "willfully." That allegation is irrelevant and should be stricken.[1]

### 4. PLAINTIFFS' LACK-OF-PREJUDICE ARGUMENT IS UNAVAILING.

Finally, Plaintiffs argue that even if Gawker's motion is "technically correct," it should be denied because Gawker would "suffer no prejudice by denial of the[] motion." Opp. at 5. Tellingly, Plaintiffs do not cite any supporting case law from within the Ninth Circuit. Instead, they cite only two cases, *Toucheque v. Price Bros.*, 5 F. Supp. 2d 341 (D. Md. 1998), and *Lirtzman v. Spiegel, Inc.*, 493 F. Supp. 1029 (N.D. Ill. 1980), but neglect to mention that the courts in those cases *granted* the defendants' motions to strike. *Toucheque*, 5 F. Supp. 2d at 350 (striking prayer for punitive damages); *Lirtzman*, 493 F. Supp. at 1033-1035 (striking affirmative defenses).

---

[1] Plaintiffs' reliance on *RDF Media Ltd. v. Fox Broadcasting*, 372 F. Supp. 2d 556 (C.D. Cal. 2005), also is misplaced. In that case, the court granted the defendants' motion to strike in part, and declined to strike only the plaintiff's allegation that the defendants were aware of the plaintiff's work, on the basis that that allegation was relevant to the issue of whether the defendants had access to the plaintiff's work. *Id.* at 566-567. In the present case, there is no dispute that Gawker was aware of Plaintiffs' tape and used a small portion of it in its news report. Complaint ¶ 13.

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Plaintiffs' only other authority for their lack-of-prejudice argument is the *California Practice Guide: Federal Civil Procedure Before Trial*. Opp. at 5. The practice guide, however, directly contradicts Plaintiffs' theory that Rule 12(f) does not authorize a court to strike their prayers for relief. Citing *Bureerong* and *Wilkerson*, the practice guide declares that a "motion to strike may be used to strike the prayer for relief where the damages sought are *not recoverable as a matter of law*." Schwarzer, Tashima, and Wagstaffe, *Cal. Prac. Guide: Civ. Proc. Before Trial* § 9:389 (emphasis in original). The practice guide goes on to note that Rule 12(f) provides a mechanism to strike "[p]rayers for *punitive damages*, or for *attorneys' fees*, in actions where those are not recoverable as a matter of a law." *Id.* § 3:390 (emphasis in original).

Plaintiffs' lack-of-prejudice argument also defies common sense and practical experience. If a complaint for copyright infringement alleges that the plaintiff is entitled to recover statutory damages, then the defendant's state of mind is placed at issue. Where, as here, a plaintiff contends that the alleged infringement was willful, the plaintiff will demand enhanced statutory damages. 17 U.S.C. § 504(c)(2). On the other hand, the defendant ordinarily will claim that he is an innocent infringer and argue for nominal statutory damages. *Id.* In such cases, the defendant's state of mind and intent become subjects for discovery (and likely for discovery motions). Neither a court nor a defendant should be burdened with such discovery and motion practice where, as here, the plaintiff cannot recover statutory damages or attorneys' fees as a matter of law. Rule 12(f) empowers a court to strike baseless allegations and prayers for relief specifically "to avoid the expenditure of time and money that must arise from litigating spurious issues[.]" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 535, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994); *Wilkerson*, 229 F.R.D. at 170 (same).[2]

---

[2] Common sense suggests that striking baseless prayers for relief promotes another purpose underlying Rule 12(f): "streamlining the ultimate resolution of the

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Striking Plaintiffs' prayers for statutory damages and attorneys' fees is fully consistent with the purpose of Rule 12(f), as so many courts have recognized in granting motions to strike when those remedies are not available under Section 412. This Court should do the same.

## 5. CONCLUSION

Put simply, "statutory damages and attorney's fees are not recoverable for infringement of unpublished, unregistered works." *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 535 (E.D.N.Y. 1988). Plaintiffs admit in their complaint – and do not dispute in their Opposition – that the videotape was unregistered and unpublished at the commencement of the alleged infringement. Complaint ¶¶ 10-13. *See also* Ex. A. Accordingly, Plaintiffs unequivocally are barred as a matter of law from recovering attorneys' fees or statutory damages in this action. Gawker, therefore, respectfully requests that the Court grant this motion and strike Plaintiffs' prayers for such relief.

DATED: December 7, 2009

DAVIS WRIGHT TREMAINE LLP
ALONZO WICKERS IV
KAREN A. HENRY

By: ____/s/____
Karen A. Henry

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

---

action[.]" *Fantasy*, 984 F.2d at 1527. Given that attorneys' fees in infringement cases may exceed actual damages or profits attributable to the alleged infringement, the possibility of an attorneys'-fee award fundamentally alters a plaintiff's valuation of the case, and thus has a significant impact on any settlement proceedings.

7

REPLY BRIEF
DWT 13635776v1 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899