# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-6912-GW(SHx) | Date | December 14, 2009 |
| Title | *Eric Dane, et al. v. Gawker Media, LLC, et al.* | | |

**Present: The Honorable** GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Henry L. Self, III | Alonzo B. Wickers, IV |

**PROCEEDINGS:** DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' COMPLAINT (filed 10/30/09)

Hearing is held. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendants' Motion to Strike Portions of Plaintiffs' Complaint is **granted.** References in the Claim and Prayer for Relief to statutory damages and attorneys' fees will be stricken without prejudice as immaterial pursuant to Rule 12(f).

A Scheduling Conference is set for **January 11, 2010 at 8:30 a.m.** Parties shall have until January 6, 2010 to file a joint 26(f) report.

IT IS SO ORDERED.

: 02

Initials of Preparer  JG

<u>*Dane v. Gawker Media, LLC*</u>, Case No. CV-09-6912
Tentative Ruling on Motion to Strike

**BACKGROUND**

Plaintiffs Eric Dane and Rebecca Gayheart ("Plaintiffs") are a married couple. See Complaint ¶ 2. They are both professional actors. See id. at ¶¶ 1, 2. Defendants Gawker Media, LLC, Gawker News, LLC, and Gawker Sales, LLC (collectively, "Gawker"), operate various tabloid internet websites. Plaintiffs allege that in 2008 they made a private video tape of themselves and a third person. See id. at ¶ 10. The tape was obtained by Defendant Mark Ebner, who delivered it to Gawker, which then posted it on two of its websites, leading to its widespread dissemination. See id. at ¶¶ 13-14. Plaintiffs' Complaint alleges a single claim for copyright infringement. Defendants now move to strike the following portions of Plaintiffs' Complaint:

1. Claim (p. 4) - paragraph 21, lines 13-14: "Alternatively, Plaintiffs are entitled to recover an award of statutory damages for Defendants' willful acts of copyright infringement."

2. Claim (p. 5) - paragraph 23, lines 20-21: "Plaintiffs are further entitled to recover from Defendants an award of their attorneys' fees and costs."

3. Prayer (p. 5) - paragraph 2, line 28: "For statutory damages in an amount at the discretion of the Court[.]"

4. Prayer (p. 6) - paragraph 4, line 5: "For attorneys' fees and costs of suit herein incurred[.]"

5. Claim (p. 4) - paragraph 16, lines 19-22: The word "willfully in the sentence that reads: "As alleged hereinabove, in or around August 2009 Defendants began willfully reproducing, adapting, distributing and performing the Video in the United States and around the world despite Plaintiffs' unequivocal demands that they refrain from doing so."

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Federal district courts in California repeatedly have recognized that Rule 12(f) grants courts the "authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law." <u>Arcilla v. Adidas Promotional Retail Operations</u>, 488 F. Supp. 2d 965, 968 (C.D. Cal. 2007). See, e.g., <u>Lopez v. Dean Witter Reynolds</u>, 591 F. Supp. 581, 589-90 (C.D. Cal. 1984), aff'd 805 F.2d 880 (9th Cir. 1986); <u>Grosz v. Lassen Community College Dist.</u>, 572 F. Supp. 2d 1199, 1208, 1217 (E.D. Cal. 2008); <u>Lee Myles Associates v. Paul Rubke Enterprises</u>, 557 F. Supp. 2d 1134, 1143-44 (S.D. Cal. 2008).

## ANALYSIS

Defendants' motion to strike should be granted as to the references to statutory damages and attorneys' fees in Plaintiff's Complaint. Section 412 of the Copyright Act provides that "no award of statutory damages or of attorney's fees ... shall be made for ... any infringement of copyright in an unpublished work commenced before the effective date of its registration." 17 U.S.C. § 412(1). Plaintiffs do not dispute that Defendants' alleged infringement of the tape commenced before they registered the tape with the Copyright Office. Thus, Plaintiffs are not entitled to recover either statutory damages or attorneys' fees in this action. While Plaintiffs argue that the possible addition of other defendants and/or other acts of copyright infringement at a later date may ultimately justify their request for statutory damages and attorneys' fees, the references in the Complaint to statutory damages and attorneys' fees are immaterial and impertinent as judged by the current state of the pleadings. Under Rule 12(f), they should be stricken without prejudice to a later motion to amend, if such amendment becomes necessary.

The case for striking the word "willfully" from ¶ 16 of the Complaint is less clear. Defendants argue that its presence will lead to unnecessary discovery. The potential for that specified prejudice is too small to justify granting what has been characterized as a "disfavored" motion. See RDF Media Ltd. v. Fox Broadcasting Co., 372 F. Supp.2d 1450, 1478 (C.D. Cal. 1996).

## CONCLUSION

References in the Claim and Prayer for Relief to statutory damages and attorneys' fees (items 1 through 4, above) will be stricken (without prejudice) as immaterial pursuant to Rule 12(f). Item 5 will not.