DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST.
SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
TELEPHONE (213) 633-6800
FAX (213) 633-6899

ALONZO WICKERS IV (State Bar No. 169454)
alonzowickers@dwt.com
KAREN A. HENRY (State Bar No. 229707)
karenhenry@dwt.com

Attorneys for Defendants
GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANE and REBECCA GAYHEART,<br><br>Plaintiffs,<br><br>vs.<br><br>GAWKER MEDIA, LLC; GAWKER NEWS, LLC; GAWKER SALES, LLC; and MARK EBNER,<br><br>Defendants. | Case No. **CV09-06912 GW(SHx)**<br><br>**ANSWER OF DEFENDANTS GAWKER MEDIA, LLC, GAWKER NEWS, LLC, GAWKER SALES, LLC AND MARK EBNER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>Complaint Filed: September 23, 2009 |

ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
DWT 13707264v3 0080721-000007

Defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC and Mark Ebner (collectively "the Gawker Defendants"), answering for themselves and no others, in response to the Complaint for Copyright Infringement filed by plaintiffs Eric Dane and Rebecca Gayheart, admit, deny, and allege as follows:

## THE PARTIES

1. Answering paragraph 1 of the Complaint, the Gawker Defendants admit that plaintiff Eric Dane is a professional actor currently appearing in the television program "Grey's Anatomy." The Gawker Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1, and, on that basis, deny each and every remaining allegation contained in this paragraph.

2. Answering paragraph 2 of the Complaint, the Gawker Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and, on that basis, deny each and every such allegation.

3. Answering paragraph 3 of the Complaint, the Gawker Defendants admit that Gawker Media, LLC is a Delaware corporation with its principal place of business in the State of New York. Except as expressly admitted, the Gawker Defendants deny, generally and specifically, each and every of the remaining allegations in this paragraph.

4. Answering paragraph 4 of the Complaint, the Gawker Defendants deny, generally and specifically, each and every allegation in this paragraph.

5. Answering paragraph 5 of the Complaint, the Gawker Defendants admit that Gawker Sales, LLC is a New York corporation with its principal place of business in the State of New York.

6. Answering paragraph 6 of the Complaint, the Gawker Defendants admit that defendant Mark Ebner is an individual who resides in the County of Los Angeles, State of California. Except as expressly admitted, the Gawker Defendants

1

ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
DWT 13707264v3 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

deny, generally and specifically, each and every of the remaining allegations in this paragraph.

7. Answering paragraph 7 of the Complaint, the Gawker Defendants deny, generally and specifically, each and every allegation in this paragraph.

## JURISDICTION AND VENUE

8. Answering paragraph 8 of the Complaint, the Gawker Defendants aver that the allegations in this paragraph are argument and conclusions of law that require no answer.

9. Answering paragraph 9 of the Complaint, the Gawker Defendants aver that the allegations in this paragraph are argument and conclusions of law that require no answer.

## FACTUAL ALLEGATIONS

10. Answering paragraph 10 of the Complaint, the Gawker Defendants deny, generally and specifically, each and every allegation in this paragraph.

11. Answering paragraph 11 of the Complaint, the Gawker Defendants admit that the copyright registration number for the Video is PAu 3-404-881. Except as expressly admitted, the Gawker Defendants deny, generally and specifically, each and every of the remaining allegations in this paragraph.

12. Answering paragraph 12 of the Complaint, the Gawker Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegations about their efforts to maintain the confidentiality of the Video, and, on that basis, generally and specifically deny those allegations. The Gawker Defendants further deny, generally and specifically, each and every other allegation in this paragraph.

13. Answering paragraph 13 of the Complaint, the Gawker Defendants admit that, on August 17, 2009, 3 minutes and 54 seconds of the Video was posted on gawker.com under the headline: "Dane's Anatomy: McSteamy, His Wife and a Fallen Beauty Queen's Naked Threesome." The Gawker Defendants further admit

2
ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
DWT 13707264v3 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that, on August 17, 2009, they received a letter from Plaintiffs' counsel, Martin D. Singer, demanding that the Gawker Defendants remove the Video from gawker.com and fleshbot.com. However, the Gawker Defendants specifically deny that Plaintiffs' authorization was needed to post the short clip from the Video. Except as expressly admitted, the Gawker Defendants deny, generally and specifically, each and every of the remaining allegations in this paragraph.

14. Answering paragraph 14 of the Complaint, the Gawker Defendants admit that they did not remove or block access to the Video in response to Mr. Singer's letter. The Gawker Defendants further admit that, on August 18, 2009, a clip from the Video was posted on fleshbot.com. The Gawker Defendants are without sufficient knowledge or information to form a belief as to the number of people who viewed the Video on fleshbot.com as of September 23, 2009, and, on that basis, specifically and generally deny that, as of September 23, 2009, the Video had attracted almost one million views at fleshbot.com. Except as expressly admitted, the Gawker Defendants deny, generally and specifically, each and every of the remaining allegations in this paragraph.

## **CLAIM**

**(By Plaintiffs For Copyright Infringement Against All Defendants)**

15. Answering paragraph 15, the Gawker Defendants reincorporate their responses to the allegations contained in paragraphs 1 through 14 as if fully stated herein.

16. Answering paragraph 16 of the Complaint, the Gawker Defendants deny, generally and specifically, each and every of the remaining allegations in this paragraph.

17. Answering paragraph 17 of the Complaint, the Gawker Defendants admit that Plaintiffs did not authorize the reproduction, adaptation, distribution, performance or other use of the short clip from the Video on gawker.com or fleshbot.com. Except as expressly admitted, the Gawker Defendants specifically

deny that Plaintiffs' authorization was needed to reproduce, adapt, distribute, perform or otherwise use the short clip from the Video, and generally deny each and every of the remaining allegations in this paragraph.

18. Answering paragraph 18 of the Complaint, the Gawker Defendants aver that the allegations in this paragraph are argument and conclusions of law that require no answer, and, to the extent this paragraph contains allegations of fact, they are denied.

19. Answering paragraph 19 of the Complaint, the Gawker Defendants aver that the allegations in this paragraph are argument and conclusions of law that require no answer, and, to the extent this paragraph contains allegations of fact, they are denied.

20. Answering paragraph 20 of the Complaint, the Gawker Defendants aver that the allegations in this paragraph are argument and conclusions of law that require no answer, and, to the extent this paragraph contains allegations of fact, they are denied.

21. Paragraph 21 of the Complaint was stricken by the Court on December 14, 2009, and therefore requires no answer.

22. Answering paragraph 22 of the Complaint, the Gawker Defendants aver that the allegations in this paragraph are argument and conclusions of law that require no answer, and, to the extent this paragraph contains allegations of fact, they are denied.

23. Paragraph 23 of the Complaint was stricken by the Court on December 14, 2009, and therefore requires no answer.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

By alleging the matters set forth in the additional and affirmative defenses below, the Gawker Defendants do not allege or admit that they have the burden of

4
ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
DWT 13707264v3 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

proof and/or persuasion with respect to any of these matters. The Gawker Defendants allege as follows:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

1. The Complaint, and each of its claims for relief, fails to state a claim against the Gawker Defendants upon which relief can be granted.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

2. The Complaint is barred, in whole or in part, because the Gawker Defendants' conduct was reasonable, justified, and in good faith.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

3. The Complaint is barred, in whole or in part, because the Gawker Defendants have not acted with the requisite degree of intent or fault.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

4. The Complaint is barred, in whole or in part because use of the Video was a fair use protected under 17 U.S.C. § 107.

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

5. The Complaint is barred, in whole or in part, because any damages allegedly suffered by Plaintiffs were either wholly or in part the legal fault of persons, firms, corporations, or entities other than the Gawker Defendants, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by the Gawker Defendants.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

6. The Complaint is barred, in whole or in part, because Plaintiffs' damages, if any, are vague, uncertain, imaginary, and speculative.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

7. The Complaint is barred, in whole or in part, by the doctrines of estoppel and waiver.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

8. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

9. Plaintiffs cannot meet the requisite standards for an injunction, and are not entitled to this form of relief.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

10. The Complaint is barred, in whole or in part, by the First and Fourteenth Amendments to the United States Constitution.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

11. Plaintiffs' prayer for injunctive relief is barred, in whole or in part, because it would represent an unconstitutional prior restraint.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

12. The Gawker Defendants have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, separate defenses available to them. The Gawker Defendants reserve the right to assert additional separate defenses in the event discovery indicates that such defenses would be appropriate.

WHEREFORE, the Gawker Defendants pray for relief as follows:

1. That Plaintiffs take nothing by reason of the Complaint in this matter, and that judgment be rendered in favor of Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC and Mark Ebner, and each of them, and against Plaintiffs;

2. That Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC and Mark Ebner, and each of them, be awarded costs of suit incurred in defense of this matter, including reasonable attorneys' fees and costs under 17 U.S.C. § 505; and

6
ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
DWT 13707264v3 0080721-000007

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  3. For such other relief as the Court deems just and proper.

2

3  DATED: December 23, 2009         DAVIS WRIGHT TREMAINE LLP
                                    ALONZO WICKERS IV
4                                   KAREN A. HENRY

5

6

7                                   By:_____/ s /_____
                                          Karen A. Henry
8
                                    Attorneys for Defendants
9                                   GAWKER MEDIA, LLC; GAWKER
                                    NEWS, LLC; GAWKER SALES, LLC;
10                                  and MARK EBNER

11

7
ANSWER TO COMPLAINT FOR COPYRIGHT INFRINGEMENT
DWT 13707264v3 0080721-000007

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899