**MARTIN D. SINGER (BAR NO. 78166)**
**YAEL E. HOLTKAMP (BAR NO. 200399)**
**HENRY L. SELF III (BAR NO. 223153)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com

Attorneys for Plaintiffs
ERIC DANE and REBECCA GAYHEART

**ALONZO WICKERS IV (BAR NO. 169454)**
**KAREN A. HENRY (BAR NO. 229707)**
**DAVISWRIGHT TREMAINE LLP**
865 South Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
Email: alonzowickers@dwt.com

Attorneys for Defendants
GAWKER MEDIA, LLC, GAWKER NEWS, LLC, GAWKER SALES, LLC
and MARK EBNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DANE, an individual; and REBECCA GAYHEART, an individual<br><br>    Plaintiffs,<br><br>  v.<br><br>GAWKER MEDIA, LLC, a Delaware corporation; GAWKER NEWS, LLC, a Delaware corporation; GAWKER SALES, LLC, a New York corporation; and MARK EBNER, an individual,<br><br>    Defendants. | CASE NO. CV 09-06912 GW (SHx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:    January 11, 2009<br>Time:    8:30 a.m.<br>Ctrm:    10<br><br>[Hon. George H. Wu] |

Having conferred on December 30, 2009, counsel for plaintiffs Eric Dane and Rebecca Gayheart (collectively, "Plaintiffs") and defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC and Mark Ebner (collectively, "Gawker") respectfully submit this joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1.

## I. NATURE AND BASIS OF CLAIMS AND DEFENSES

### A. Plaintiffs' Summary of Their Claims

This federal copyright infringement action arises from Gawker's surreptitious acquisition of a highly personal and private video recording authored and owned by Plaintiffs (the "Video"), and Gawker's repeated reproduction, adaptation, distribution and public performance of almost four full minutes of the twelve minute Video, in both censored and uncensored form, without Plaintiffs' authorization and in willful defiance of their demands.

### B. Defendants' Summary of Their Defenses

Defendants Gawker Media, LLC, Gawker News, LLC, Gawker Sales, LLC, and Mark Ebner (collectively "Gawker"), and each of them, deny that they are liable to plaintiffs on any theory, and specifically deny any liability to plaintiffs for copyright infringement.

Plaintiffs' copyright infringement claim against Gawker arises from a news report that appeared on Gawker.com. Plaintiff Eric Dane is a well-known actor who has appeared in numerous television programs, and currently is on the popular television program "Grey's Anatomy." His wife, plaintiff Rebecca Gayheart, is known for her appearances in television commercials for Noxzema in the 1990s. According to the Complaint, in or around 2008, plaintiffs made a videotape with Kari Ann Peniche, a former Miss Teen U.S.A. In the videotape, the threesome is depicted lounging around Ms. Peniche's residence naked. At one point in the videotape, Ms. Peniche is shown lying on her bed, reciting a credit card number to

an unidentified person over the telephone.

On August 17, 2009, Gawker.com posted an article entitled "Dane's Anatomy: McSteamy, His Wife, and a Fallen Beauty Queen's Naked Threesome," which discusses this highly controversial videotape, provides background information about plaintiffs and Ms. Peniche, and reports that the Los Angeles Police Department's vice squad obtained a copy of the videotape and other materials as part of an investigation into potential criminal activities. As part of its reporting, Gawker.com also posted a short clip from the videotape, a copy of the Los Angeles Police Department's evidence receipt, and redacted copies of the business cards of the police officers who are conducting the investigation.

As a result of this post, plaintiffs filed this action against Gawker seeking money damages and injunctive relief based on their single cause of action for copyright infringement. However, plaintiffs cannot state a claim for copyright infringement against the defendants (or any one of them) because the use of the videotape in connection with Gawker's news reporting is protected as a fair use under 17 U.S.C. § 107, and is protected speech under the First and Fourteenth Amendments of the United States Constitution. Plaintiffs' prayer for injunctive relief independently is barred because it would represent an unconstitutional prior restraint.

## II. DISCOVERY PLAN

### A. Initial Disclosures

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties will make their initial disclosures on or before January 13, 2010. They do not propose any change in the form or requirement for such disclosures.

### B. Subject Matter of Discovery

At this time, Plaintiffs anticipate that the subjects on which they may need discovery include, but are not necessarily limited to:

1. Defendant Mark Ebner's acquisition of the Video;
2. Ebner's disclosure of a copy of the Video to defendants Gawker Media, LLC, Gawker News, LLC and/or Gawker Sales, LLC;
3. Any and all other access to the Video by Gawker;
4. Any and all copying (including reproduction, preparation of derivative works, distribution, performance and display) of the Video by Gawker;
5. Gawker's gross revenues; and
6. Any and all gains, profits and advantages Gawker has obtained as a result of the unauthorized use(s) of the Video.

Gawker anticipates that additional subjects on which it may need discovery include, but are not necessarily limited to:

1. The content of the videotape and the activities depicted;
2. The nature of the relationship between the parties shown on the videotape;
3. Any efforts by plaintiffs to market the videotape;
4. News stories about Mr. Dane, Ms. Gayheart, and Ms. Peniche; and
5. The Los Angeles Police Department's review of the conduct depicted on the videotape.

The parties reserve the right to seek additional discovery concerning issues not presently known or contemplated or should the need arise as the result of other discovery conducted in this case. The parties propose the completion of fact discovery by January 2011, *i.e.*, 60 days before trial in March 2011.

///
///
///

Toward that aim, the parties propose the following discovery/motion cutoff dates:

| EVENT | DATE |
| --- | --- |
| Last day for completion of non-expert discovery: | October 15, 2010 |
| Last day to amend pleadings: | October 29, 2010 |
| Last day for joint exchange of initial expert disclosures (Fed. R. Civ. P. 26(a)(2)): | November 15, 2010 |
| Last day for joint exchange of rebuttal expert reports: | December 15, 2010 |
| Last day for completing expert witness depositions: | January 17, 2011 |
| Last day to hear motions, including dispositive motions and discovery motions, but excluding motions in limine and trial motions: | February 24, 2011 |

Gawker may seek to bifurcate discovery into liability and damages phases.

### C. Electronically Stored Information

The parties do not currently anticipate any unusual issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

### D. Privileges and Protections

The parties do not currently anticipate any unusual issues about claims of privilege or of protection as trial-preparation materials.

### E. Limitations on Discovery

The parties do not currently believe that changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, or that other limitations should be imposed.

### F. Protective Orders

The parties anticipate proposing a stipulated protective order regarding confidential information (if any) in this matter, and will seek the Court's approval

of same.

### III. LOCAL RULE 26-1 ISSUES

**A. Complex Cases**

The parties agree that the case is not highly complex and that the procedures of the Manual for Complex Litigation should not be utilized.

**B. Motion Schedule**

The parties each anticipate filing motions for summary judgment and/or summary adjudication. The parties propose that all such motions shall be made in time to heard by at least 30 days before trial, by February 24, 2011.

**C. Settlement**

Although no settlement discussions have yet taken place, the parties are interested in and open to discussing settlement at the appropriate time and will select mandatory Settlement Procedure Number 3 (non-judicial dispute resolution) under Local Rule 16-15.

**D. Trial Estimate**

The parties preliminarily estimate that the trial will require approximately five full court days. The parties propose that the trial be scheduled for March 2011.

**E. Additional Parties**

The parties anticipate the possible appearance of additional parties. In the event that discovery and/or further factual investigation reveal the need to name additional parties in this action, the parties will seek leave from the Court to add such parties at that time, and reserve their respective rights in this regard.

///
///
///

**F.  Expert Witnesses**

The parties propose that expert disclosures be exchanged 90 days prior to trial pursuant to Federal Rule of Civil Procedure 26(a)(2)(C)(i).

DATE: January 6, 2010

LAVELY & SINGER
PROFESSIONAL CORPORATION
MARTIN D. SINGER
YAEL E. HOLTKAMP
HENRY L. SELF III

/S/

By:_____
　　　HENRY L. SELF III
Attorneys for Plaintiffs
ERIC DANE and
REBECCA GAYHEART

DATE: January 6, 2010

DAVISWRIGHT TREMAINE LLP
ALONZO WICKERS IV
KAREN A. HENRY

/S/

By:_____
　　　KAREN A. HENRY
Attorneys for Defendants
GAWKER MEDIA, LLC,
GAWKER NEWS, LLC, GAWKER
SALES, LLC and MARK EBNER